IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EFFIE COOPER, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) C.A. No. |
| vs. | ) |
| GENUENT GLOBAL, LLC, | ) **JURY DEMANDED** |
| – and – | ) |
| INSPYR SOLUTIONS, LLC, | ) |
| Defendants. | ) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Effie Cooper ("Plaintiff"), on behalf of herself and all others similarly situated, for her collective action Complaint against Defendants Genuent Global, LLC ("Defendant Genuent") and INSPYR Solutions, LLC[1] ("Defendant INSPYR") (jointly and severally, "Defendants"), states and alleges as follows:

### INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [her]self

---

[1] Plaintiff reserves the right to amend this Complaint to add any or all of the following as joint and/or successor employers: INSPYR Solutions Holdings Corporation; INSPYR Solutions Holdings GP, LLC; INSPYR Solutions Holdings, LP; INSPYR Solutions Intermediate, LLC; INSPYR Solutions Management Aggregator, LLC; TekPartners; and Summa Health.

or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants are incorporated in Delaware, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

5. Plaintiff is an adult individual residing in Euclid, Ohio (Cuyahoga County).

6. Plaintiff was first employed by Defendant Genuent starting on or about January 3, 2022, and then became jointly employed by Defendants in or around September 2022, until she last worked for Defendants on or about December 30, 2022.

7. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

8. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

9. Defendant Genuent is a for-profit Delaware corporation that can be served via its statutory agent: Incorp Services, Inc., at 919 North Market Street, Suite 950, Wilmington, DE 1980.

10. Defendants INSPYR is a Delaware limited liability company that can be served via its statutory agent: Incorp Services, Inc., at 919 North Market Street, Suite 950, Wilmington, DE 19801.

11. During relevant times, Defendants have been individual and/or joint employers within the meaning of the FLSA.

12. During relevant times, Defendants individually and/or jointly constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff and those similarly situated have been employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

**A. Defendants are "joint employers" or to the extent Defendant Genuent is no longer a viable business, Defendant INSPYR is liable under "success liability."**

14. Defendant Genuent, then later Defendants, jointly employed Plaintiff and those similarly situated as non-exempt, hourly, "trainers" that provided support for healthcare recordkeeping software.

15. In July 2022, "TekPartners, a subsidiary of P2P Staffing Corporation ('P2P'), and Genuent Holdings, LLC ('Genuent') announced . . . that the companies have merged to become INSPYR Solutions."[2] At that time, it was reported that "INSPYR Solutions will operate in a manner that honors the legacy TekPartners and Genuent brands, built over many years of steadfast client service."[3] Combined, Defendants, along with non-party TekPartners, are "one of the largest pure-play

---

[2] www.einnews.com/pr_news/580068280/tekpartners-a-p2p-company-and-genuent-announce-merger-to-become-inspyr-solutions-a-leading-staffing-solutions-firm. (last viewed 2/15/2023).
[3] *Id*.

providers in the information technology staffing industry, placing thousands of highly specialized consultants across the United States."[4]

16. Plaintiff was originally employed by Defendant Genuent in January 2022 and was still employed when Defendants' merger was announced in September 2022. Accordingly, Defendants jointly employed Plaintiff and others similarly situated as non-exempt hourly employees since the merger.

17. Since the merger, Defendants jointly exercised operational control over significant aspects of the day-to-day functions of employees, including Plaintiff and those similarly situated. For example, "Kip Wright, formerly the CEO of Genuent, will serve as Executive Chairman of the Board of INSPYR Solutions. Mr. Wright commented, 'We are extremely excited to join forces with the TekPartners team and create a new powerhouse in IT staffing and related solutions. These two companies exhibit a remarkable alignment from a cultural and values perspective, as well as enormous synergy in our approach to client and consultant service that will serve us well as a combined force.'"[5]

18. Since the merger, Defendants shared authority to hire, fire and discipline employees, including Plaintiff and those similarly situated.

19. Since the merger, Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff and those similarly situated.

20. Since the merger, Defendants shared authority to control the work schedules and employment conditions of employees, including Plaintiff and those similarly situated.

---

[4] *Id*. See also, www.inspyrsolutions.com (identifying TekPartners and Genuent); www.genuent.com/ ("Genuent and TekPartners are now INSPYR Solutions"); www.tekpartners.com/ ("TekPartners and Genuent are now INSPYR Solutions" and "Copyright © 2012 – 2023 INSPYR Solutions"); and www.linkedin.com/company/inspyrsolutions ("Genuent and TekPartners are becoming INSPYR Solutions." (last viewed 2/15/2023).
[5]   www.einnews.com/pr_news/580068280/tekpartners-a-p2p-company-and-genuent-announce-merger-to-become-inspyr-solutions-a-leading-staffing-solutions-firm (last viewed 2/15/2023).

21. Since the merger, Defendants shared authority and control of employment records.

22. Since the merger, Defendants jointly benefitted from the work performed by Plaintiff and those similarly situated.

23. Further, there has been a continuity in operations and work force of Defendant INSPYR and Defendant Genuent. In addition to Kip Wright serving as CEO of Genuent and then as Executive Chairman of the Board of INSPYR Solutions, Defendant INSPYR publicly holds out that "INSPYR Solutions will operate in a manner that honors the legacy TekPartners and Genuent brands, built over many years of steadfast client service."[6]

24. Defendant INSPYR had notice of Defendant Genuent's legal obligations. For example, Plaintiff was still employed and receiving paychecks from Defendant Genuent when the merger was announcing in September 2022 and until she last worked there in December 2022.

25. Defendant INSPYR has the ability to provide adequate relief directly to Plaintiff and those similarly situated. For example, Defendant INSPYR is now "one of the largest pure-play providers in the information technology staffing industry, placing thousands of highly specialized consultants across the United States."[7]

**B. Defendants failed to pay Plaintiff and those similarly situated overtime compensation at one and one-half times their regular rates.**

26. Plaintiff and those similarly situated were paid on an hourly basis and not on a salary basis.

27. Plaintiff was paid approximately $60 per hour.

28. Plaintiff and those similarly situated were not exempt from the overtime requirements of the FLSA. For example, though Plaintiff's job title was "trainer", she and others similarly situated

---

[6] *Id*.
[7] *Id*.

did not perform work for Defendants in an "educational establishment." *See* 29 C.F.R. § § 541.204; 29 C.F.R. § 541.301(g)(1).

29. Plaintiff and those similarly situated also did not meet the requirements of the "Computer Employee Exemption" because their primary duties were not those necessary to be met under the exemption. *See* 29 U.S.C. § 213(a)(1), (a)(17); 29 C.F.R. § 541.400(a)-(b). For example, Plaintiff and those similarly situated simply assisted Defendants' clients with using healthcare recordkeeping software.

30. Additionally, Plaintiff and those similarly situated were not required to have any particular degree, specialized training, or certifications to work for Defendants and perform their job duties.

31. Plaintiff and those similarly situated regularly worked more than 40 hours in a workweek, but were paid only their straight time hourly rate for hours that exceeded 40. For example, for the pay period of October 24 to 30, 2022, Plaintiff worked 65 hours, and for the pay period of October 31 to November 6, 2022, Plaintiff worked 52 hours. However, Defendants paid Plaintiff only her straight pay of $60 for all hours, including the hours that exceeded 40 in the workweek. Instead, under the FLSA, Defendants were required to pay Plaintiff at the lawful amount of one and one-half times her regular rate for such hours.

32. Defendants' joint and several failure to pay the lawful overtime rate in violation of the FLSA was willful, knowing, and/or reckless. For example, Plaintiff specifically asked Human Resources why she was not paid the proper overtime rate. Plaintiff was told that Defendants do not need to pay overtime compensation at one and one-half the regular rate, and instead, that (somehow) overtime was built into her current rate. However, this cannot be, since Plaintiff was paid the same rate for all hours, including those under and up to 40, and those exceeding 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

34. The collective that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former hourly employees of either or both Defendants who worked more than 40 hours during a workweek but were not paid one and one-half times their regular rates for the hours that exceeded 40 in a workweek at any time from three (3) years preceding the filing of this Complaint through final disposition of this matter**.

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

36. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for one or both Defendants during relevant times.

39. Plaintiff and other similarly situated employees were not paid lawful overtime compensation of one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

40. Plaintiff and those similarly situated were not exempt from the protections of the FLSA.

41. Defendants' practices and policies of not paying Plaintiff and other similarly situated overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

42. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

43. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

- A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

- B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

- C. Award Plaintiff and the Opt-Ins who join actual damages for unpaid wages;

- D. Award Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the Opt-Ins;

E. Award Plaintiff and the Opt-Ins who join pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the Opt-Ins who join attorneys' fees, costs, and disbursements; and,

G. Award Plaintiff and the Opt-Ins who join further and additional relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Michael J. Farnan*
Michael J. Farnan (Bar No. 5165)
**FARNAN LLP**
919 N. Market St.
12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0338
Facsimile: (302) 777-0301
Email: mfarnan@farnanlaw.com

Robi J. Baishnab (OH Bar # 0086195)
(to be admitted *pro hac vice*)
**NILGES DRAHER LLC**
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH Bar # 0076017)
(to be admitted *pro hac vice*)
**NILGES DRAHER LLC**
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*
