## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JEREMY BROWN,

      Plaintiff,

    v.

MERCANTILE PROCESSING, INC.,
KYLE MORGAN, and
KATHRYN MCMILLAN,

      Defendants.

Civil Case No.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Mercantile Processing, Inc. ("MPI"), Kyle Morgan ("Morgan"), and Kathryn McMillan ("McMillan)", Defendants in the above-titled action, hereby remove this matter to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1441 and § 1446.  The grounds for removal are as follows:

1.      On or about August 21, 2023, Plaintiff Jeremy Brown filed a Complaint captioned *Jeremy Brown v. Mercantile Processing, Inc., a Delaware corporation, Kyle Morgan, and Kathryn McMillan* ("Complaint") in the Court of Chancery of the State of Delaware.  Defendant was served with a copy of Plaintiff's Complaint on August 21, 2023.  Accordingly, Defendants have filed this Notice of Removal within the time requirements of 28 U.S.C. § 1446.

2.      This Court has original federal question jurisdiction over this action.  The Complaint asserts, *inter alia*, a claim against all Defendants arising under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*  This claim arises out of Plaintiff's allegations that he was subject to retaliation under the FLSA.  Plaintiff also alleges that he was misclassified as an exempt

employee and improperly denied overtime in violation of the FLSA.  Accordingly, this Court has original jurisdiction over this action because this civil action "arises under the … laws … of the United States."  *See* 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction over the state law claims asserted in the Complaint because the state law claims also are based on and arise out of Plaintiff's allegations. *See* 28 U.S.C. 1367(a).

4.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants is attached hereto as Exhibit A.  Defendants have not served nor have Defendants been served with any other process, pleadings, or orders in this action.

5.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of removal of the action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Court of Chancery of the State of Delaware.

6.      Removal is proper in any action that could have originally been filed in federal court.  28 U.S.C. §1441.  District courts have original jurisdiction in cases involving a "[f]ederal question," i.e., cases "arising under the constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

WHEREFORE, Defendants respectfully request that the above-titled action be removed to this Court from the Court of Chancery of the State of Delaware.

Dated: August 23, 2023

**YOUNG CONAWAY STARGATT
& TAYLOR, LLP**

*/s/ Lauren E.M. Russell*

Lauren E.M. Russell (No. 5366)
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 576-3255
Facsimile:  (302) 576-3750
Email:  lrussell@ycst.com

*-and-*

**JACKSON LEWIS P.C.**

Larry R. Seegull (to be admitted *pro hac vice*)
2800 Quarry Lake Drive, Ste. 200
Baltimore, MD 21209
Telephone: (410) 415-2000
Email: larry.seegull@jacksonlewis.com

Elana C. Taub *(to be admitted pro hac vice)*
2800 Quarry Lake Drive, Ste. 200
Baltimore, MD 21209
Telephone: (410) 415-2013
Email: elana.taub@jacksonlewis.com

*Counsel for Defendants*